420

United States District Court
District of Columbia.

Feb. 14, 1949.

Andrew A. Lipscomb, of Washington, D. C., for plaintiffs.

H. G. Morison, Asst. Atty. Gen., George Morris Fay, U. S. Atty., of Washington, D. C., Edward H. Hickey, Sp. Asst. to Atty. Gen., and Howard C. Wood, Attorney, Department of Justice, of Washington, D. C., for defendant.

PINE, District Judge.

This action comes before me on a motion to dismiss, or for summary judgment. The facts are undisputed and are hereafter set forth in brief.

Plaintiffs, a copartnership, bring their action under an Act of Congress approved August 7, 1946, known as the War Contracts Relief Act,[1] which provides, in part, as follows:

"That where work, supplies, or services have been furnished between September 16, 1940, and August 14, 1945, under a contract or subcontract, for any department or agency of the Government * * * such departments and agencies are hereby authorized, in accordance with regulations to be prescribed by the President * * * to consider, adjust, and settle equitable claims of contractors * * * for losses * * incurred between September 16, 1940, and August 14, 1945, without fault or negligence on their part * * * ."

"Sec. 6. Whenever any claimant * * * is dissatisfied with the action of a department or agency of the Government in either granting or denying his claim, such claimant shall have the right within six months to file a petition * * * with any Federal district court of competent jurisdiction, asking a determination * * * of the equities involved in such claim * * *."

Plaintiffs furnished work and services to various departments and agencies of the Government under certain contracts. On January 28, 1947, they filed a claim with the Department of the Navy for losses sustained under a contract with that department. The War Contracts Relief Board of that department denied the claim on the ground that plaintiff had not filed the written request for relief prescribed by this Act, and the sole question presently before the court is whether plaintiffs filed such request, without which their claim cannot be entertained.

Section 3 of this Act provides that "Claims for losses * * * shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945." To satisfy this requirement, plaintiffs place dependence on two letters, one dated November 22, 1944, and addressed by plaintiffs to the Officer-in-Charge of Construction, U. S. Naval Training Center, Farragut, Idaho. It related to "change-

---

[1] 60 Stat. 902, 41 U.S.C.A. § 106 note.

orders" and complained that a majority of them were "questioned to such an extent as to their fair pricing" that they had "so far accomplished very little in the several months of \* \* \* corresponding." The other letter was dated February 7, 1945, and was addressed by plaintiffs to the Contracting Officer, Chief of Bureau of Yards and Docks, Navy Department, Washington, D C., and stated that plaintiffs were "extremely anxious to get" their contract "settled as soon as possible," and asked for "the status of this project and the approximate time your office will require in processing the many items which are unsettled."

Neither of these letters is a request for relief from losses. One relates to the "questioning" of the "fair pricing" of "change-orders," and the other to anxiety for settlement of the contract. They are not what the statute contemplated as a condition precedent to entertaining a claim. Although not spelled out with precision, it is clear from the context that Congress intended a request for relief from losses, and nothing else. An examination of the statute discloses that only losses were involved. Section 1 provides that departments and agencies are authorized to settle equitable claims for *losses*. Section 2 provides that, in arriving at an equitable settlement, the departments and agencies shall not allow any amount in excess of the amount of the net *loss*. It also provides that wherever a department or agency finds that *losses* affected the computation of the amount of excessive profits determined in a renegotiation agreement, and to the extent that it finds such amount was thereby reduced, claims for such *losses* shall not be allowed. Section 3 provides that claims for *losses* shall not be considered unless filed within six months after the date of the approval of the Act. The report of the House Committee on the Judiciary, reporting favorably upon this legislation, states that "The purpose of this bill is to authorize departments \* \* \* to \* \* \* settle equitable claims of contractors \* \* \* for *losses* \* \*" and that it "would afford financial relief to those contractors who suffered *losses* in the

performance of war contracts in those cases where the claim would have received favorable consideration under the First War Powers Act, 50 U.S.C.A. Appendix, § 601 et seq., and Executive Order No. 9001, 50 U.S.C.A. Appendix, § 611 note, if action had been taken by the Government prior to the capitulation of the Japanese government \* \* \*." [2] (Italics supplied.) The sole design of the statute being the equitable adjustment of losses, a request for relief of any other character would have no relevancy thereto.

I am therefore of the opinion that the letters of plaintiff were not requests for relief within the meaning of the statute and that the action cannot be maintained. The view herein expressed is consonant with that entertained by Judge F. Dickenson Letts, of this court, in Jardine Mining Co. v. Reconstruction Finance Corp.,[3] C.A. 2843-47; by Judge Robert C. Bell in Fogarty v. United States, D.C. Minn., 80 F.Supp. 90; and by Judge Clarence G. Galston in Acme Fur Dressing Co. v. United States, D.C.E.D.N.Y., 80 F.Supp 927.

The motion for summary judgment will be granted. Counsel will submit appropriate order.

---

[2] U.S.Code Congressional Service page 1443, House Report 2576, July 19, 1946, 79th Congress, 2d session.

[3] No opinion for publication.